Dylan Ruga (SBN 235969)
(dylan@stalwartlaw.com)
Stalwart Law Group
1100 Glendon Avenue, Ste. 1840
Los Angeles, CA 90024
Telephone:  (310) 954-2000
Facsimile:  (310) 943-0303

Stephen J. Zralek, *pro hac vice* pending
(szralek@bonelaw.com)
Maria Q. Campbell, *pro hac vice* pending
(mcampbell@bonelaw.com)
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone: (615) 238-6300
Facsimile: (615) 238-6301

Attorneys for Plaintiff
STURDY GUN SAFE, INCORPORATED

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STURDY GUN SAFE, Incorporated<br><br>Plaintiff,<br><br>vs.<br><br>RHINO METALS, Incorporated,<br><br>Defendant. | Case No.: 18-at-770<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sturdy Gun Safe, Incorporated ("Sturdy Safe"), by and through its counsel, files this Complaint for declaratory judgment of non-infringement ("Complaint") against Rhino Metals, Incorporated ("Rhino"), and states as follows:

1

**THE PARTIES**

2

      1.      Sturdy Safe is incorporated under the laws of the state of California with a

3

principal place of business in Fresno, California. Sturdy Safe is a family-owned business

4

founded in 1959 and has been designing, manufacturing and selling gun safes across the country

5

since approximately 1980s.

6

      2.      Upon information and belief, Rhino is incorporated under the laws of the state of

7

Idaho with a principal place of business in Boise, Idaho. Upon information and belief, Rhino did

8

not begin designing, manufacturing and selling gun safes until approximately 1995. Rhino has a

9

nationwide presence and does a substantial amount of business in this judicial district. Rhino

10

operates a highly interactive Internet web site for the purpose of soliciting and transacting sales

11

with individuals within this judicial district.

12

13

**JURISDICTION AND VENUE**

14

      3.      This is an action for declaratory relief pursuant to Rule 57 of the Federal Rules of

15

Civil Procedure and 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of

16

actual controversy.

17

      4.      This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1338 (action

18

arising under an Act of Congress relating to patents and trade dress), 1331 (federal question)

19

and 1332 (diversity of citizenship).

20

      5.      This Court has both general and specific personal jurisdiction over Rhino by

21

virtue of its regular and systematic business contacts with this judicial district. Rhino has a

22

nationwide presence and conducts business in all 50 states, including this judicial district, where

23

it has purposefully availed itself of the privilege of acting in this judicial district, thus invoking

24

the benefits and protections of its laws.

25

26

27

6.      Venue is proper in this District under 28 U.S.C. 1391(b)-(c) because Rhino conducts or has regularly conducted business in this judicial district and/or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Additionally, Rhino sent demand letters to Sturdy Safe in this judicial district and threatened to sue Sturdy Safe for infringement in this judicial district.

## **FACTUAL BACKGROUND**

7.      Founded in 1959, Sturdy Safe is a family-owned business that designs, manufactures and sells gun safes across the country since approximately the 1980s.  It offers custom-made gun safes and gives customers the option to choose the size, structure, layout, material, and finishing of the gun safe, with the option to add on other features.

8.      As part of this customization offer, customers may choose from a variety of finishes, including, for instance: Distressed Metal Finish, Antique Chest Finish, Antique Clear Finish, and Old Hollywood Finish (collectively, "Antique Finishes").

9.      Upon information and belief, Rhino, on the other hand, did not begin manufacturing and selling gun safes until approximately 1995.

10.      In a letter from Rhino to Sturdy Safe dated September 11, 2018, Rhino alleges that Sturdy Safe infringed its trade dress and design patents. Rhino attached copies of its U.S. Design Patents Nos. D728,189; D744,715; and D774,272 ("Rhino's Design Patents"). A copy of the demand letter and exhibits are attached hereto as **Exhibit A** ("Demand Letter").

11.      The Demand Letter states that Sturdy Safe's offer of Antique Finishes violates Rhino's trade dress.

12.      The Demand Letter further states that Sturdy Safe must immediately cease and desist from any further activities related to gun safes that allegedly infringe on Rhino's Design

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Patents or its trade dress and that Sturdy Safe must agree to Rhino's demands; otherwise, Rhino threatened it would file a federal infringement suit.

13.     There is no likelihood of confusion between Rhino's trade dress and Sturdy Safe's trade dress; therefore, there is no trade dress infringement.

14.     Sturdy Safe's gun safes also do not infringe upon Rhino's Design Patents.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Trade Dress Noninfringment)

15.     Sturdy Safe hereby incorporates by reference each and every allegation set forth in the preceding.

16.     This claim arises from an actual and justiciable controversy between the parties regarding Sturdy Safe's Antique Finishes based, in part, on Rhino's Demand Letter and the representations therein, its self-imposed deadline that Rhino would file infringement suit if Sturdy Safe did not agree to Rhino's demands, and Sturdy Safe's unequivocal assertion that it did not infringe Rhino's trade dress.

17.     A declaratory judgment would resolve all aspects of the controversy in a single proceeding.

18.     A declaratory judgment would serve a useful purpose in clarifying the legal relations at issue.

19.     There is no likelihood of confusion between Sturdy Safe's trade dress and Rhino's trade dress; therefore, Sturdy Safe did not infringe upon Rhino's trade dress.

20.     This judicial declaration is necessary and appropriate at this time in order that Sturdy Safe may ascertain its rights and duties with respect to its offering of Antique Finishes.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Design Patent Noninfringement)

21.    Sturdy Safe hereby incorporates by reference each and every allegation set forth in the preceding paragraphs.

22.    This claim arises from an actual and justiciable controversy between the parties regarding Sturdy Safe's gun safes based, in part, on Rhino's Demand Letter and the representations therein, its self-imposed deadline that Rhino would file infringement suit if Sturdy Safe did not agree to Rhino's demands, and Sturdy Safe's unequivocal assertion that it did not infringe Rhino's Design Patents.

23.    A declaratory judgment would resolve all aspects of the controversy in a single proceeding.

24.    A declaratory judgment would serve a useful purpose in clarifying the legal relations at issue.

25.    Sturdy Safe does not infringe Rhino's Design Patents, directly or indirectly, either literally or by the doctrine of equivalence.

26.    This judicial declaration is necessary and appropriate at this time in order that Sturdy Safe may ascertain its rights and duties with respect to the design of its gun safes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sturdy Safe prays for the following relief:

1.    That proper process issue and be served upon Rhino;

2.    That Rhino be required to answer;

3.    That the Court declare that Sturdy Safe's trade dress does not infringe Rhino's trade dress;

4.    That the Court declare that Sturdy Safe's gun safes do not infringe Rhino's Design Patents;

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

5.     That Rhino be ordered to pay Sturdy Safe's costs and reasonable attorneys' fees, plus pre- and post-judgment interest, as provided or allowed by law; and

6.     That the Court grant Sturdy Safe such other and further relief as the Court may deem just and proper.

Dated:  October 19, 2018

Respectfully submitted,

By: _____

Dylan Ruga (SBN 235969)
(dylan@stalwartlaw.com)
**Stalwart Law Group**
1100 Glendon Avenue, Ste. 1840
Los Angeles, CA 90024
Telephone:  (310) 954-2000
Facsimile:  (310) 943-0303

and

Stephen J. Zralek, *pro hac vice* pending
(szralek@bonelaw.com)
Maria Q. Campbell, *pro hac vice* pending
(mcampbell@bonelaw.com)
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone: (615) 238-6300
Facsimile: (615) 238-6301

Attorneys for Plaintiff
STURDY GUN SAFE, INCORPORATED

{01812327.1 }

6

EXHIBIT A



**HOLLAND & HART** LLP

Teague I. Donahey
Of Counsel
Phone (208) 383-3988
Fax (208) 473-2976
TIDonahey@hollandhart.com

September 11, 2018

**VIA COURIER**

Mr. Terrance Pratt
President & CEO
Sturdy Gun Safe, Inc.
2030 South Sarah Street
Fresno, CA  93721

> Re:    **Rhino Metals, Inc.:  Infringement of Rhino IRONWORKS™ Intellectual
> Property Rights**

Dear Mr. Pratt:

We represent Rhino Metals, Inc. ("Rhino").  We write to resolve certain intellectual property legal issues that have arisen between Rhino and Sturdy Gun Safe, Inc. ("Sturdy Safe").

Rhino has been selling the commercially successful IRONWORKS™ series of gun safes on a nationwide basis since 2013.  These gun safes are manufactured with a distinctive antique look with distressed areas designed to accentuate the natural grain of the steel, as well as using reinforcement plates, distinctive rivets, and other design features.  Rhino considers this distinctive antique look to be an important aspect of its intellectual property (the "IRONWORKS™ Intellectual Property Rights").  For example, Rhino claims trade dress rights under the Lanham Act in the overall appearance and inherently distinctive features of its IRONWORKS™ gun safes.  In addition, Rhino has obtained U.S. Design Patent Nos. D728,189; D744,715; and D774272 that also protect certain design features relevant to its IRONWORKS™ products.  For your reference, we enclose copies of these patents for your review.  *See* Exhibits A, B, and C hereto.

It recently came to Rhino's attention that Sturdy Safe is making available a number of "finishes" for its gun safes, including the "Distressed Metal Finish," "Antique Chest Finish," "Antique Clear Finish," and "Old Hollywood Finish" (individually and collectively, the "Antique Finishes").  These Antique Finishes are available with gun safes made available for sale in the United States, including on Sturdy Safe's website www.sturdysafe.com:

Illustrations of gun safes made with the Antique Finishes, obtained from the Sturdy Safe website, are provided below:

T 208.342.5000    F 208.343.8869
800 W. Main Street, Suite 1750, Boise, ID 83702-5974
Mail to: P.O. Box 2527, Boise, ID 83701-2527
www.hollandhart.com

Alaska          Montana          Utah
Colorado        Nevada           Washington, D.C
Idaho           New Mexico       Wyoming





Sturdy Safe's Antique Finishes violate Rhino's IRONWORKS™ Intellectual Property Rights. Indeed, Sturdy Safe's Antique Finishes were brought to Rhino's attention by a third party in the gun safe marketplace who had noticed the similarities between these finishes and Rhino's IRONWORKS™ products and intellectual property. Like Rhino's IRONWORKS™ products, the Antique Finishes have an antique look achieved at least in part by using distressed metal surfaces, reinforcement plates, and/or decorative rivets, and they attempt to replicate the

Alaska        Montana       Utah
Colorado      Nevada        Washington, D.C.
Idaho         New Mexico    Wyoming

www.hollandhart.com



September 11, 2018
Page 3

distinctive IRONWORKS™ appearance and features in an apparent attempt to exploit the significant commercial success experienced by the IRONWORKS™ products.

For example, it appears that Sturdy Safe initially introduced its Antique Finishes as early as July 2017.  On July 13, 2017, Sturdy Safe's Facebook page announced a "NEW FINISH OPTION!" and that it was "prototyping a distressed look . . . with weld rivet design." Immediately, viewers of that Facebook post recognized that the Antique Finishes were an intentional "copy" of the IRONWORKS™ safes.  In response Sturdy Safe did not dispute that there were "similarities" between the Antique Finishes and the IRONWORKS™ distressed finished safes or that it had intentionally copied the designs.  Sturdy Safe also admitted that the design changes associated with the Antique Finishes were "only . . . cosmetic."

**Joseph Key** Why copy a rhino safe? Your safes are way better than what they offer. At least the one I bought from you is.

Like · Reply · 1y · Edited

 **Sturdy Safe Manufacturing** We are only talking cosmetic changes. This is one of a few we will be coming out with. Even though there are notable differences, I do see similarities to the Rhino and Fort Knox distressed finished safes. Like the car industry, or cell phone industry, you need to keep reinventing the wheel on options. Even with these upgrades, no one will come close to the steel thickness for the price.

Like · Reply · 1y           3

Similarly, Sturdy Safe's website until recently contained a blog entry dated July 7, 2018, entitled "Best Looking Safes Currently on the Market."  *See* www.sturdysafe.com/blogs/gun-safes/best-looking-house-safes (available previously; since removed).  That blog entry stated:

www.hollandhart.com

Alaska
Colorado
Idaho

Montana
Nevada
New Mexico

Utah
Washington, D.C.
Wyoming



September 11, 2018
Page 4

Being in the gun safe industry as long as we have makes us very knowledgeable about our competitors and what they have to offer, which includes which ones we feel are the most attractive.

One can say we are queer about good looking safes and have kept a collection of favorites we will be sharing with you now.

As you will see below, the ones we favor the most have unique looking features that go beyond the standard high gloss finish that is usually seen.

The blog entry then discussed Sturdy Safe's Antique Finishes, including their "accent rivets," and expressly compared them to Rhino IRONWORKS™ products, stock photographs of which Sturdy Safe included without obtaining authorization from Rhino:



Kodiak or Rhino safes offer a similar look to Sturdy Safes Distressed Metal finish. They accomplish this look by welding thin steel plate with decorative rivets, then distress the body.

This blog entry confirms (1) Sturdy Safe's prior knowledge of Rhino's competing IRONWORKS™ products and designs, including the "decorative rivets"; (2) Sturdy Safe's recognition that the appearance of the IRONWORKS™ design was "unique" and "attractive"; (3) the fact that Sturdy Safe "like[d]" the IRONWORKS™ products to the extent that it called them some of Sturdy Safe's "favorites"; and (4) the fact that Sturdy Safe was well aware that the Antique Finishes "offer[ed] a similar look" to IRONWORKS™ products.

It is therefore clear based just on minimal publicly-available information that Sturdy Safe has been willfully infringing Rhino's IRONWORKS™ Intellectual Property Rights. Please be aware that Rhino takes policing and enforcement of its intellectual property rights seriously. For example, Rhino recently prevailed in a federal action for trademark infringement against Kodiak

| Alaska | Montana | Utah |
| Colorado | Nevada | Washington, D.C. |
| Idaho | New Mexico | Wyoming |



September 11, 2018
Page 5

Safe Company in the United States District Court for the District of Idaho.  *See Rhino Metals, Inc. v. Kodiak Safe Company LLC*, Case No. 1:16-cv-285-EJL-REB (D. Idaho); *see also Rhino Metals, Inc. v. Kodiak Safe Company LLC*, Case No. 1:18-mc-00036-SKO (E.D. Cal.).

Please also note that, when a party is found to have willfully infringed intellectual property, including trade dress, patent, copyright, and state and common law intellectual property and commercial rights, monetary damages are typically increased up to three times the amount of compensatory damages, and the infringing party may be ordered to pay the intellectual property holder's attorneys' fees.

Rhino hereby demands that Sturdy Safe immediately cease and desist from any further manufacturing, sales, offers for sale, advertising, and marketing activities related to gun safes provided with the Antique Finishes.  To the extent that Sturdy Safe would like to try to resolve this dispute outside of federal court, and to provide a basis for an out-of-court resolution, we ask that Sturdy Safe expressly agree to immediately do the following:

(1) permanently discontinue all sales, offers for sale, advertising, and marketing activities with respect to any and all Sturdy Safe products having any of the Antique Finishes, along with any other products that infringe any of Rhino's IRONWORKS™ Intellectual Property Rights;

(2) provide a detailed list of each and every Sturdy Safe product that has been sold with an Antique Finish;

(3) provide an accounting of all sales and profits for each listed Sturdy Safe product referenced in (2) above that has been sold with an Antique Finish, including both gross and net figures;

(4) provide verified sales records and/or other evidence supporting the accounting referenced in (3) above; and

(5) provide a full and complete list of all advertising and marketing materials, including but not limited to websites, social media, brochures, and the like, that have been used to advertise and/or market any product referenced in (2) above.

If we have not received a satisfactory reply to Rhino's demands by **October 2, 2018**, we will be forced to pursue our client's claims in federal court.  We look forward to receiving your prompt response.

| Alaska | Montana | Utah |
| Colorado | Nevada | Washington, D.C. |
| Idaho | New Mexico | Wyoming |



September 11, 2018
Page 6

Sincerely,

Teague T. Donahey
Of Counsel

TID:njh
Enclosures
cc:   Mr. Don Suggs

# **<u>EXHIBIT A</u>**

**U.S. Patent**       Dec. 13, 2016       Sheet 1 of 2       US D774,272 S



FIG. 1



FIG. 2

US00D774272S

(12) **United States Design Patent**
Suggs et al.

(10) Patent No.:  **US D774,272 S**
(45) Date of Patent:  ** *Dec. 13, 2016

(54) **SAFE**

(71) Applicant: **Rhino Metals, Inc.**, Caldwell, ID (US)

(72) Inventors: **Donald Suggs**, Boise, ID (US); **Scott Moore**, Nampa, ID (US)

(73) Assignee: **RHINO METALS, INC.**, Caldwell, ID (US)

( * ) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **15 Years**

(21) Appl. No.: **29/543,062**

(22) Filed: **Oct. 20, 2015**

**Related U.S. Application Data**

(63) Continuation of application No. 29/524,424, filed on Apr. 20, 2015, now Pat. No. Des. 744,715, which is a continuation of application No. 29/452,204, filed on Apr. 12, 2013, now Pat. No. Des. 728,189.

(51) LOC (10) Cl. ............................................. 99-00
(52) U.S. Cl.
USPC ............................................................ D99/28
(58) Field of Classification Search
USPC .... D99/28, 34, 35, 36, 43, 99; 109/1 R, 1 V, 109/2, 45; 902/9, 30; 235/100; 206/0.8, 206/0.815, 0.82; 312/400, 409
CPC ...... F42B 39/24; E05B 65/0075; E05G 1/00; E05G 1/005; E05G 5/00; E05G 2700/00; E05G 2700/02; E05G 2700/04; E05G 5/02; G05G 1/024; G07D 11/0006; G07D 11/0009; G07D 9/002; G07D 9/004; G07D 9/008; G07D 11/009; G07F 9/06; G07F 9/003; G07F 17/10; G07F 17/12
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D3,772 S | 11/1869 | Marvin | |
| 166,107 A | 7/1875 | Hyatt | |
| 195,219 A | * 9/1877 | Kingham | G08B 13/149 109/38 |
| 470,818 A | * 3/1892 | Damon et al. | E05G 1/024 109/53 |
| 1,048,774 A | * 12/1912 | Whittman | A45C 1/12 232/4 R |
| 1,256,869 A | * 2/1918 | Blixt et al. | B63C 7/30 109/53 |
| D87,772 S | 9/1932 | Wolters | |
| D103,629 S | 3/1937 | Davis | |
| 2,081,271 A | 5/1937 | Ellithorpe | |
| 2,088,459 A | 7/1937 | Bennett et al. | |
| D118,366 S | 1/1940 | Davis | |
| D120,335 S | 5/1940 | Bescherer | |
| D120,336 S | 5/1940 | Bescherer | |
| D120,337 S | 5/1940 | Bescherer | |
| D273,052 S | 3/1984 | Snodgrass | |
| 4,669,394 A | * 6/1987 | Fogleman | E05G 1/02 109/59 T |
| D291,019 S | 7/1987 | Druihet | |

(Continued)

*Primary Examiner* — Elizabeth J Oswecki
(74) *Attorney, Agent, or Firm* — Phillips Ryther & Winchester; Matthew D. Thayne

(57) **CLAIM**

The ornamental design for a safe, as shown and described.

**DESCRIPTION**

FIG. 1 is a top, front, left side perspective view of a safe showing our new design; and,
FIG. 2 is a bottom, rear, right side perspective view thereof.
The broken lines shown in the drawings represent portions of the safe that form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**





**US D774,272 S**
Page 2

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| 4,838,052 | A | * | 6/1989 | Williams | E05B 19/0005 |
|---|---|---|---|---|---|
| | | | | | 109/52 |
| D308,279 | S | | 5/1990 | Hill | |
| D308,744 | S | | 6/1990 | Arauchi | |
| D314,406 | S | * | 2/1991 | Lorch | D21/519 |
| D380,793 | S | * | 7/1997 | Conwell | D21/519 |
| D485,041 | S | * | 1/2004 | Paris | D99/28 |
| D487,179 | S | | 2/2004 | Traversie et al. | |
| D493,270 | S | | 7/2004 | Lynch et al. | |
| D495,113 | S | * | 8/2004 | Lynch | D6/705.5 |
| D498,895 | S | | 11/2004 | Lynch et al. | |
| D586,525 | S | | 2/2009 | Pendleton | |
| D598,175 | S | | 8/2009 | Pendleton | |
| D619,775 | S | | 7/2010 | Pendleton | |
| D620,675 | S | | 7/2010 | Doettling | |
| D623,824 | S | | 9/2010 | Pendleton | |
| D659,944 | S | | 5/2012 | Pendleton | |
| D673,345 | S | * | 12/2012 | Pendleton | D6/703 |
| D688,024 | S | * | 8/2013 | Metlen | D99/28 |
| D698,515 | S | | 1/2014 | Kim | |
| D728,189 | S | | 4/2015 | Suggs et al. | |
| D729,490 | S | * | 5/2015 | Pannier | D99/43 |
| D744,190 | S | * | 11/2015 | Pannier | D99/43 |
| D744,715 | S | * | 12/2015 | Suggs | D99/28 |
| 2003/0141794 | A1 | | 7/2003 | Cleveland et al. | |

* cited by examiner

# **EXHIBIT B**



US00D728189S

(12) **United States Design Patent**
Suggs et al.

(10) Patent No.:  **US D728,189 S**
(45) Date of Patent:  ** **Apr. 28, 2015**

(54)  **SAFE**

(71)  Applicant:  **Rhino Metals, Inc.**, Caldwell, ID (US)

(72)  Inventors:  **Donald Suggs**, Boise, ID (US); **Scott Moore**, Nampa, ID (US)

(73)  Assignee:  **Rhino Metals, Inc.**, Caldwell, ID (US)

(**)  Term:  **14 Years**

(21)  Appl. No.:  **29/452,204**

(22)  Filed:  **Apr. 12, 2013**

(51)  **LOC (10) Cl.** ............................................. **99-00**

(52)  **U.S. Cl.**
USPC ................................................ **D99/28**

(58)  **Field of Classification Search**
CPC ....... F42B 39/24; E05B 65/0075; E05G 1/00;
E05G 1/005; E05G 1/024; E05G 5/00; E05G
2700/00; E05G 2700/02; E05G 2700/04;
E05G 5/02; G07D 11/0006; G07D 11/0009;
G07D 9/002; G07D 9/004; G07D 9/008;
G07D 11/009; G07F 9/06; G07F 9/003;
G07F 17/10; G07F 17/12
USPC ...... D99/28, 34, 35, 36, 43, 99; 109/1 R, 1 V,
109/2, 45; 902/9, 30; 235/100; 206/0.8,
206/0.81, 0.815, 0.82; 312/400, 409
See application file for complete search history.

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| D3,772 | S | * | 11/1869 | Marvin | .......................... | D99/28 |
| 166,107 | A | * | 7/1875 | Hyatt | .......................... | 109/53 |
| D87,772 | S | * | 9/1932 | Wolters | .......................... | D99/28 |
| D103,629 | S | * | 3/1937 | Davis | .......................... | D99/28 |
| 2,081,271 | A | * | 5/1937 | Ellithorpe | .......................... | 109/7 |
| 2,088,459 | A | * | 7/1937 | Bennett et al. | .......................... | 70/77 |
| D118,366 | S | * | 1/1940 | Davis | .......................... | D99/28 |
| D120,335 | S | * | 5/1940 | Bescherer | .......................... | D99/28 |
| D120,336 | S | * | 5/1940 | Bescherer | .......................... | D99/28 |
| D120,337 | S | * | 5/1940 | Bescherer | .......................... | D99/28 |
| D273,052 | S | * | 3/1984 | Snodgrass | .......................... | D99/28 |
| D291,019 | S | * | 7/1987 | Druihet | .......................... | D99/28 |
| D308,279 | S | * | 5/1990 | Hill | .......................... | D99/35 |
| D308,744 | S | * | 6/1990 | Arauchi | .......................... | D99/28 |
| D487,179 | S | * | 2/2004 | Traversie et al. | .......................... | D99/28 |
| D493,270 | S | * | 7/2004 | Lynch et al. | .......................... | D99/43 |
| D498,895 | S | * | 11/2004 | Lynch et al. | .......................... | D99/28 |
| D586,525 | S | * | 2/2009 | Pendleton | .......................... | D99/28 |
| D598,175 | S | * | 8/2009 | Pendleton | .......................... | D99/28 |
| D619,775 | S | * | 7/2010 | Pendleton | .......................... | D99/28 |
| D620,675 | S | * | 7/2010 | Doettling | .......................... | D99/28 |
| D623,824 | S | * | 9/2010 | Pendleton | .......................... | D99/28 |
| D659,944 | S | * | 5/2012 | Pendleton | .......................... | D99/28 |
| D698,515 | S | * | 1/2014 | Kim | .......................... | D99/28 |
| 2003/0141794 | A1 | * | 7/2003 | Cleveland et al. | .......................... | 312/409 |

* cited by examiner

*Primary Examiner* — Elizabeth J Oswecki

(74) *Attorney, Agent, or Firm* — Phillips Ryther & Winchester; Matthew D. Thayne

(57)  **CLAIM**
The ornamental design for a safe, as shown and described.

**DESCRIPTION**

FIG. 1 is a top, front, left side perspective view of a safe showing our new design; and,
FIG. 2 is a bottom, rear, right side perspective view thereof.
The broken lines shown in the drawings represent portions of the safe that form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**







FIG. 1

Case 1:19-cv-00063-DCN   Document 2   Filed 10/19/18   Page 22 of 26



FIG. 2

# EXHIBIT C

US00D744715S

(12) **United States Design Patent**
Suggs et al.

(10) Patent No.: **US D744,715 S**
(45) Date of Patent: ** **Dec. 1, 2015**

(54) **SAFE**

(71) Applicant: **Rhino Metals, Inc.**, Caldwell, ID (US)

(72) Inventors: **Donald Suggs**, Boise, ID (US); **Scott Moore**, Nampa, ID (US)

(73) Assignee: **Rhino Metals, Inc.**, Caldwell, ID (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/524,424**

(22) Filed: **Apr. 20, 2015**

**Related U.S. Application Data**

(63) Continuation of application No. 29/452,204, filed on Apr. 12, 2013, now Pat. No. Des. 728,189.

(51) LOC (10) Cl. ............................................... 99-00
(52) U.S. Cl.
USPC ........................................................... D99/28
(58) Field of Classification Search
USPC ...... D99/28, 34, 35, 36, 43, 99; 109/1 R, 1 V, 109/2, 45; 902/9, 30; 235/100; 206/0.8, 206/0.815, 0.82; 312/400, 409
CPC ....... F42B 39/24; E05B 65/0075; E05G 1/00; E05G 1/005; E05G 1/024; E05G 5/00; E05G 2700/00; E05G 2700/02; E05G 2700/04; E05G 5/02; G07D 11/0006; G07D 11/0009; G07D 9/002; G07D 9/004; G07D 9/008; G07D 11/009; G07F 9/06; G07F 9/003; G07F 17/10; G07F 17/12
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D3,772 | S | * | 11/1869 | Marvin ............................ D99/28 |
| 166,107 | A | * | 7/1875 | Hyatt ............................. 109/53 |
| D87,772 | S | * | 9/1932 | Wolters ......................... D99/28 |
| D103,629 | S | * | 3/1937 | Davis ........................... D99/28 |
| 2,081,271 | A | * | 5/1937 | Ellithorpe ..................... 109/7 |
| 2,088,459 | A | * | 7/1937 | Bennett et al. .................. 70/77 |
| D118,366 | S | * | 1/1940 | Davis ........................... D99/28 |
| D120,335 | S | * | 5/1940 | Bescherer ....................... D99/28 |
| D120,336 | S | * | 5/1940 | Bescherer ....................... D99/28 |
| D120,337 | S | * | 5/1940 | Bescherer ....................... D99/28 |
| D273,052 | S | * | 3/1984 | Snodgrass ....................... D99/28 |
| D291,019 | S | * | 7/1987 | Druihet ......................... D99/28 |
| D308,279 | S | * | 5/1990 | Hill ............................ D99/35 |
| D308,744 | S | * | 6/1990 | Arauchi ......................... D99/28 |
| D487,179 | S | * | 2/2004 | Traversie et al. ................ D99/28 |
| D493,270 | S | * | 7/2004 | Lynch et al. .................... D99/43 |
| D498,895 | S | * | 11/2004 | Lynch et al. .................... D99/28 |
| D586,525 | S | * | 2/2009 | Pendleton ....................... D99/28 |
| D598,175 | S | * | 8/2009 | Pendleton ....................... D99/28 |
| D619,775 | S | * | 7/2010 | Pendleton ....................... D99/28 |
| D620,675 | S | * | 7/2010 | Doettling ....................... D99/28 |
| D623,824 | S | * | 9/2010 | Pendleton ....................... D99/28 |
| D659,944 | S | * | 5/2012 | Pendleton ....................... D99/28 |
| D698,515 | S | * | 1/2014 | Kim ............................. D99/28 |
| D728,189 | S | * | 4/2015 | Suggs et al. .................... D99/28 |

* cited by examiner

*Primary Examiner* — Elizabeth J Oswecki
(74) *Attorney, Agent, or Firm* — Phillips Ryther & Winchester; Matthew D. Thayne

(57) **CLAIM**

The ornamental design for a safe, as shown and described.

**DESCRIPTION**

FIG. 1 is a top, front, left side perspective view of a safe showing our new design; and,
FIG. 2 is a bottom, rear, right side perspective view thereof.
The broken lines shown in the drawings represent portions of the safe that form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**






FIG. 1



FIG. 2